IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REMY SUANE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-369-DWD |
| ) | |
| ) | |
| **HEATHER CECIL, WARDEN** ) | |
| **BROOKHART, and ROB JEFFRIES,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Remy Suane, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Lawrence Correctional Center ("Lawrence"). In his Complaint (Doc. 1), Suane alleges Defendants interfered with his legal mail and retaliated against him. He asserts claims against the defendants under the First Amendment.

Suane filed a number of supplements and additional evidence (*See* Docs. 18, 24, 25, 26, 33, 34, 35, 42, and 43). To the extent he seeks to amend his Complaint with these supplements, those requests are **DENIED**. The Court does not accept piecemeal amendments to the Complaint. An amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir.2004). Suane would have to file a new Complaint with the additional claims should

1

he want to amend his Complaint. To the extent he is offering the information as evidence, the documents do not need to be filed at this time.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Suane makes the following allegations in the Complaint (Doc. 1): On October 18, 2019 and October 24, 2019, Heather Cecil opened outgoing legal mail, marked privileged and directed to the Attorney Registration and Disciplinary Commission ("ARDC") and the Judicial Inquiry Board (Doc. 1, pp. 4 and 9). She then sent the letters back to Suane (*Id.* at p. 7). Cecil also opened in-coming mail from the ARDC as well as other legal mail to the ARDC (*Id.* at p. 5). Suane contends that both entities are considered legal mail according to the Illinois Department of Corrections ("IDOC"). He does not indicate that this interference with his mail hindered his access to the courts. He wrote grievances, but Brookhart and Jeffries agreed that Cecil could open Suane's legal mail (*Id.* at p. 8). After Suane wrote grievances about Cecil's actions, Cecil returned mail from his girlfriend and daughter (*Id.* at p. 11). Suane believes that Cecil returned the mail because of his grievances (*Id.*).

### Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

**Count 1:** First Amendment interference with legal mail against Cecil, Brookhart, and Jeffries for mishandling Suane's mail to the ARDC and Judicial Inquiry Board.

**Count 2:** First Amendment retaliation claim against Cecil for returning Suane's relatives' letters in retaliation for filing grievances.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, the Court finds that Suane states claims in both Counts 1 and 2. *See Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Pending Motions

Suane has pending three motions for status (Docs. 41, 45, and 46) requesting the status of the Court's threshold review of his Complaint. As the Court has now conducted a review of Suane's claims, those motions are **DENIED as moot**.

Suane also filed a motion for counsel (Doc. 44). He states that other inmates helped write his motions and that he has limited education and suffers from bipolar, anxiety, and PTSD. But the case is in the early stages of the litigation process as Defendants have not yet been served. The Court will serve Defendants and once they enter their appearance and file Answers, the Court will enter a scheduling order setting forth the discovery deadlines. Once discovery begins, should Suane have difficulties conducting discovery on his own, he may seek counsel at that time. But as nothing is currently pending and discovery has not yet begun, the Court finds that counsel is not needed at this time.

Finally, Suane filed a motion for change of venue (Doc. 47). He requests his case be transferred because it has not received a threshold review of the Complaint. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to [a] '... case-by-case consideration of convenience and fairness.'" *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (quoting *Steward Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

Suane's reason for seeking a change of venue is because his case had not received a merits review. But the Court has now conducted a review of the Complaint and will conduct service promptly. As such, Suane's motion is **DENIED as moot**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Heather Cecil, Warden Brookhart, and Rob Jeffries. Count 2 shall proceed against Heather Cecil.

The Clerk of Court shall prepare for Defendants Heather Cecil, Brookhart, and Rob Jeffries: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Suane, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Suane, and the judgment includes the payment of costs under Section 1915, Suane will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Suane is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/16/2021**

_____
**DAVID W. DUGAN**
**U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely

possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, they will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.